UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ACCURATE ABSTRACTS, LLC, | : | |
| Plaintiff, | : | Civ. Action No. 14-1994 (KM) |
| v. | : | |
| HAVAS EDGE, LLC, | : | OPINION |
| Defendant. | : | |

**HAMMER, United States Magistrate Judge**

**I.   INTRODUCTION**

Presently before the Court is Plaintiff Accurate Abstracts, LLC's ("Accurate") cross-motion to amend its Complaint. See Pl. Cross Mot., D.E. 15. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Undersigned did not hear oral argument. For the reasons set forth below, Accurate's motion to amend is granted.

**II.   BACKGROUND**

For purposes of a motion to amend, the Court must accept as true all well pleaded allegations in the proposed amended complaint. Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009).

Accurate is a title abstract company. See Prop. Am. Compl., D.E. ¶ 1. Defendant Havas Edge, LLC ("Havas") was formerly known as Euro RSCG Edge LLC. Id. ¶ 5. Accurate wished to redesign its website and entered into a contract with Havas to complete this upgrade in March 2012. Id. ¶¶ 9-11. When it was determined that the website's existing code was poor, Accurate began exploring the possibility of rebuilding the site. Id. ¶¶ 16-17. At a lunch meeting on

September 17, 2012 between Havas and Accurate, Havas estimated that the total cost of rebuild would be between $350,000 and $650,000 and the cost would likely be closer to $350,000. <u>Id.</u> ¶¶ 22-23.  Additionally, Havas represented that the project would take six to eight months and be completed no later than June 2013.  <u>Id.</u> ¶ 24.  The "decisive factors" behind Accurate's decision to retain Havas were Havas's promise to control costs and proposed completion date.  <u>Id.</u> ¶ 29.

During the last week of September 2012, the parties entered into a "Statement of Work" contract, which is attached to Accurate's Proposed Amended Complaint.  <u>Id.</u> ¶ 31.  The following provisions are relevant to the pending motion:

- "An Agile development process that is iterative and adaptable will be implemented."
- "Monthly invoices will be submitted for the duration of the project.  An initial monthly dollar amount will be used at the start of the project.  If that dollar amount is either too great or too small either the resources or dollar amounts invoiced for will be adjusted to more closely align to each other.  [Havas] will track time and fees against the project scope on a bi-weekly basis and review with [Accurate]."
- "If the hours dedicated to this project exceed that amount due to any of the following reasons, additional budget may be required . . . Change in project scope[,] Change in any project assumption listed above[, and] Addition of out-of-scope elements to the project[.]  If a change in scope associated with this SOW is identified or requested, [Havas] will submit a change order to [Accurate] for approval."

<u>See</u> Statement of Work, attached as Ex. A to Prop. Am. Compl., D.E. 15-1.  Accurate's monthly payment was originally set at $30,000.  <u>Id.</u>  The Court also notes the contract provides that either party may terminate with thirty days' notice, contains an integration clause, and requires that any modification be made in writing.  <u>Id.</u> at 5-6.

Accurate's host of allegations against Havas include: Havas failed to manage the project; Havas failed to complete the project; Havas, after entering into the Statement of Work made subsequent oral representations about the project's cost and time-frame; and Havas has refused to provide Accurate with the source code Havas created.  <u>See</u> Prop. Am. Compl. ¶¶ 46-11. While Havas has raised a number of challenges to Accurate's reliance on these claims to support a breach of contract claim, Accurate also alleges the following in the Proposed Amended Complaint:

- ". . . Havas still failed to conduct the regular financial reviews which had been promised. Indeed the bi-weekly tracking of time and fees against project scope and review with client required by the contract never occurred."
- "Havas also failed to honor its contractual obligation to submit monthly invoices in a timely fashion."
- "After sending an invoice dated December 2, 2012, Havas did not send another invoice to Accurate Abstracts until February 15, 2013, almost two and a half months later, when it sent an invoice totaling approximately $61,000 for work done in January, 2013."
- "Despite Havas' contractual obligation to submit invoices on a monthly basis, Accurate Abstracts received no further invoices until the second half of May 2013 . . ."
- "Substantial delays and cost overruns occurred because, [sic] Havas failed to use the Agile method as it had promised."

<u>Id.</u> ¶¶ 52, 53, 55, 57, 58, 98.  Additionally, Accurate sets forth a variety of alleged damages it sustained.  <u>Id.</u> ¶¶ 113-131.  Accurate claims it has performed its obligations under the contract. <u>Id.</u> ¶ 137.

3

### III.    ANALYSIS

The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure." Karlo v. Pittsburgh Glass Works, LLC, No. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011). Rule 15 states, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 16, on the other hand, requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order." Karlo, 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)).

As the Court has not entered a scheduling order in this case, Rule 15 governs the instant motion.

Under Rule 15(a)(2), a plaintiff may amend his complaint "when justice so requires." The Court may deny a motion to amend the pleadings only where there is (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, (4) repeated failures to cure deficiencies, or (5) futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) ("We have held that motions to amend pleadings [under Rule 15(a)] should be liberally granted.") (citations omitted); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) ("Under Rule 15(a), if a plaintiff requests leave to amend a complaint . . . . such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment."). Here, Havas alleges that the Court should deny Accurate's motion because of the futility of the amendment. Because Havas does not argue that there is undue delay, bad faith on the part of Accurate, undue prejudice, or that Accurate has failed repeatedly to cure deficiencies, the Court bases its determination on whether to grant

4

Accurate's motion to amend solely on whether it would be "futile" to allow Accurate's proposed breach of contract claim to proceed.

"Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant." Am. Corporate Society v. Valley Forge Ins. Co., 424 F. App'x 86, 90 (3d Cir. 2011) (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)); see also 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (3d ed. 2010). To determine whether an amendment would be "properly dismissed," the Court employs the standard applied to Rule 12(b)(6) motions to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Under this standard, the question before the Court is not whether the movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (establishing that a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"); Harrison Beverage, 133 F.R.D. at 468 ("'Futility' of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue."). A two-part analysis determines whether this standard is met. Fowler, 578 F.3d at 210 (citing Ashcroft v. Iqbal, 556 U.S. 662, 629 (2009)).

First, a court separates the factual and legal elements of a claim. Fowler, 578 F.3d at 210. All well-pleaded facts set forth in the pleading and the contents of the documents incorporated therein must be accepted as true, but the Court may disregard legal conclusions. Id. at 210–11; West Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 n.6 (3rd Cir. 2010); see also Iqbal, 556 U.S. at 678 (noting that a complaint is insufficient if it offers "labels and conclusions,"

5

a "formulaic recitation of the elements of a cause of action," or "naked assertions" devoid of "further factual enhancement") (alterations omitted) (internal quotations marks omitted).

Second, as stated above, a court determines whether a plaintiff's facts are sufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; accord Fowler, 578 F.3d at 211.  As the Supreme Court instructed in Iqbal, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678.  The plausibility standard is not a "probability requirement," but the well-pleaded facts must do more than demonstrate that the conduct is "merely consistent" with liability so as to "permit the court to infer more than the mere possibility of misconduct." Id. at 678–79 (citations omitted) (internal quotation marks omitted).  This "context-specific task . . . requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

A court conducting a futility analysis based only upon the sufficiency of the pleading must consider a limited record.  Specifically, a court may consider only the proposed pleading, exhibits attached to that pleading, matters of public record, and undisputedly authentic documents provided the claims are based on those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); accord West Penn, 627 F.3d at 97 n.6 (reiterating the rule and its limited exception for documents that are "integral or explicitly relied upon in the complaint").

Havas cites to Frederico v. Home Depot, 507 F.3d 188 (3d Cir. 2007) for the proposition that a plaintiff alleging breach of contract must allege: (1) the existence of a contract between the parties; (2) a breach; (3) damages; and (4) the plaintiff performed its obligations under the contract.  See Def. Br., D.E. 11-1, at 10.  While Accurate disputes whether New Jersey law

6

requires a plaintiff to allege it performed its contractual obligations, this dispute is mooted because Accurate asserts in the Proposed Amended Complaint that it performed its obligations under the contract. See Prop. Am. Compl., D.E. 15-1 ¶ 137. Havas does not dispute that Accurate alleges the existence of a contract between the parties, but does dispute that Accurate has plead a breach of the contract and resulting damages.

Havas dedicates much of its brief to arguing that the contract's integration clause and no-oral-modification clause prohibit Accurate from recovering based upon Havas's alleged violations of promises outside of the contract's four corners. E.g., Def. Br., D.E. 11-1, at 10-12. The Court need to decide whether these allegations are sufficient to state a cause of action as the Proposed Amended Complaint sets forth breaches of specific contract terms. As set forth above, at a minimum, paragraphs 52, 53, 55, 57, 58, and 98 allege violations of the Statement of Work. Therefore, even if the Court accepts that Havas was under no obligation to complete the project by a certain date at a certain cost, Accurate has still alleged multiple contractual breaches.

Similarly, even if Havas is correct that Accurate's damages are capped at the amount paid under the contract or that Accurate cannot recover certain types of damages set forth in the Proposed Amended Complaint, Accurate has, nonetheless, set forth recoverable damages it claims flow from Havas's breach.

As Accurate has alleged the existence of a contract, Havas's breach, damages resulting therefrom, and Accurate's fulfilment of its own obligations, the breach of contract claim contained in Accurate's Proposed Amended Complaint is not futile.

### IV. CONCLUSION

For the reasons stated herein, Accurate's motion for leave to file the Proposed Amended Complaint is granted. The Court will issue an order consistent with this Opinion.


*s/ Michael A. Hammer*  
**UNITED STATES MAGISTRATE JUDGE**

Date: July 21, 2104