UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ACCURATE ABSTRACTS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HAVAS EDGE, LLC, <br><br> Defendant. | No. 14-cv-1994 (KM)(MAH) <br><br> OPINION |

KEVIN MCNULTY, U.S.D.J.:

Accurate Abstracts, LLC ("Accurate") commenced this action against Havas Edge, LLC ("Havas"). Accurate's amended complaint alleges that Havas breached a contract to build a website for Accurate. Now before the court is Havas's motion to dismiss that amended complaint for failure to state a claim. (ECF No. 21) For the reasons set forth below, Havas's motion to dismiss the complaint is DENIED.

I.  BACKGROUND[1]

A. The Parties

The plaintiff, Accurate, is a title abstract company registered and with its principal place of business in New Jersey. (Am. Compl. 1, ECF No. 19) The defendant, Havas, is a Delaware limited liability company with its principal place of business in California. (Id.) Havas, formerly known as Euro RSCG Edge

---

[1] The facts that follow are taken from the complaint. They are assumed to be true solely for the purposes of the motion to dismiss. See Part III, infra.

1

LLC, provides marketing and communications services, such as website development. (*Id.* at ¶¶3-5)

### B. The Contract

Sometime before the last week of September 2012, Accurate and Havas entered into negotiations for a rebuild of Accurate's website. In the course of those negotiations, Accurate expressed its cost sensitivity to Havas. (*Id.* at ¶¶20-21) Havas provided Accurate with a cost estimate of $350,000 to $600,000 and a time estimate of six to eight months for the website project. (*Id.* at ¶¶23-24) During the last week of September 2012, Accurate and Havas entered into an agreement, entitled Statement of Work ("SOW"), to rebuild Accurate's website. (*Id.* at ¶31) The SOW provided for "a blended rate of $150, per person, per hour" without any mention of the prior estimates or any explicit limitation on the number of dollars or hours to be expended. (SOW 2, ECF Nos. 19-1, 21-3; *see also* Am. Compl. ¶34)

The SOW did contain these provisions relevant to controlling or tracking costs:

- "An Agile development process that is iterative and adaptable will be implemented. The process will be conducted around daily Scrum meetings held by the Agency with the Client, with the objective of keeping the team focused and lean but scalable with cost controls." (SOW 1; *see also* Am. Compl. ¶38)
- "Monthly invoices will be submitted for the duration of the project." (SOW 2; *see also* Am. Compl. ¶35)
- "Agency will track time and fees against the project scope on a bi-weekly basis and review with the Client." (SOW 2; *see also* Am. Compl. ¶37)
- "Fee-based services and deliverables shall be pre-billed and payable in thirty thousand dollar ($30,000) increments with the first installment billed upon execution of the SOW and monthly thereafter." (SOW 3; *see also* Am. Compl. ¶35)

2

- "If a change in scope associated with this SOW is identified or requested, Agency will submit a change order to Client for approval.... Agency will advise client of the anticipated delay and/or cost change...." (SOW 4; *see also* Am. Compl. ¶36)

The SOW also contained these relevant provisions:

- "Client will own all code created by Agency." (SOW 3; *see also* Am. Compl. ¶39)
- "[A]ll work done by Agency is considered 'work for hire', and as such, Client owns all work produced." (SOW 3; *see also* Am. Compl. ¶39)
- "Either party may terminate this SOW upon thirty (30) days advance written notice." (SOW 5)
- "Under no circumstances shall Agency be liable under this SOW, whether in tort, contract, negligence, strict liability, warranty or under any other legal theory, for losses in an amount exceeding the total fees collected for this SOW." (*Id.* at 6)

### C. The Project

After the parties signed the SOW, they began working on the project. Initially, as agreed, Scrum meetings were held and monthly invoices were sent. (Am. Compl. ¶¶42, 56) But the biweekly tracking of time and fees for review by Accurate never occurred. (*Id.* at ¶53) Havas never submitted any change order advising of delays or increased costs. (*Id.* at ¶54) During the first half of 2013, there were gaps between invoices of two and a half, then three months, and costs escalated. (*Id.* at ¶¶57-58, 60) Those increases prompted Accurate to request updated cost and time projections. (*Id.* at ¶63) Havas responded that the projected cost had almost doubled and that the completion date would be delayed by five months. (*Id.* at ¶¶64-70) In a conference call in July 2013, Accurate notified Havas that it was prepared to exercise its option to terminate the SOW. (*Id.* at ¶¶74-75) Havas responded with a promise that the costs and completion time would not exceed those given in its recently updated estimate. (*Id.* at ¶78)

In September 2013, Havas informed Accurate that the cost estimate had again climbed, and estimated a cost-to-complete of $1.1 to $1.5 million. (*Id.* at ¶81) By the time Accurate filed the complaint in this case, invoices totaled approximately $1 million, Accurate had paid Havas $590,765.00, and Accurate had not received a usable product. (*Id.* at ¶¶84, 114) Havas has refused to release to Accurate the code that it has already completed. (*Id.* at ¶112)

### D. Procedural History

Accurate filed its original complaint in March 2014. (ECF No. 1) In June 2014, Accurate moved to amend its complaint. (ECF No. 15) Havas opposed that motion on the grounds that amendment would be futile. (ECF No. 16) Magistrate Judge Hammer, applying a motion-to-dismiss standard (*see* Part III, *infra*), granted that motion to amend. *Accurate Abstracts, LLC v. Havas Edge, LLC*, No. 14-cv-1994, 2014 WL 3573402 (D.N.J. July 21, 2014) (ECF No. 17) (herein, "MJ Hammer Opinion"). Judge Hammer held that:

- Even accepting Havas's arguments about the contract's silence as to completion date and cost, Accurate adequately alleged other breaches of specific contract terms;
- Even accepting Havas's arguments that damages were limited, Accurate still properly alleged damages to some degree; and
- Accurate's proposed amended complaint therefore properly alleged a breach of contract claim.

*Id.* at 4.

Havas did not appeal Judge Hammer's decision, and the amended complaint was filed. This motion to dismiss the amended complaint followed. I have reviewed Havas's motion (ECF No. 21), Accurate's response (ECF No. 23), and Havas's reply (ECF No. 24). Because this motion to dismiss largely retreads the ground covered by the motion to amend, and because I agree with the essentials of Judge Hammer's analysis, I will deny this motion to dismiss.

## II. JURISDICTION

The amended complaint alleges that this Court has subject matter jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.[2] (Am. Compl. ¶7; see 28 U.S.C. § 1332(a))

## III. STANDARD

Federal Rule of Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

---

[2] For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), the citizenship of an LLC depends on that of its members. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419-20 (3d Cir.2010). The amended complaint generally pleads that diversity jurisdiction is present. It does not, in so many words, allege the citizenship of each of the members of the plaintiff and defendant LLCs. The United States Court of Appeals recently held that a complaint need not specifically allege the citizenship of the members of a defendant LLC if, after reasonable investigation, the plaintiff is unable to do so. *Lincoln Ben. Life Co. v. AEI Life, LLC*, No. 14-2660, 2015 WL 5131423, at *6 (3d Cir. Sept. 2, 2015). Should it emerge that complete diversity is lacking, however, the action will have to be dismissed, unless there is some other basis for jurisdiction. The parties are directed to establish the jurisdictional facts through discovery at the earliest opportunity.

5

not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 555, 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

## IV. ANALYSIS

Havas's motion fails to heed the principle, well expressed in Judge Hammer's opinion, that "[t]he Court [only] need[s] to decide whether these allegations [sufficiently] ... set[] forth breaches of specific contract terms." MJ Hammer Opinion, 2014 WL 3573402, at *4. Rather, Havas again dedicates its briefs to arguments that Accurate's claim should be dismissed "to the extent it seeks to impose liability for nonexistent obligations" and "to the extent plaintiff seeks remedies precluded by New Jersey law." (Mem. Mot. To Dismiss Parts II & III, ECF No. 21-1)

Havas earns no points for a neutral statement of the issue. I suppose that any complaint should be dismissed "to the extent" it seeks to enforce "nonexistent obligations." The question here, however, is whether the amended complaint states a claim for breach of contract. It does; it alleges specific breaches of Havas's duties under the SOW, and Havas cannot deny that a breach of the SOW may expose the breacher to damages or other remedies. Magistrate Judge Hammer's decision on the motion to amend, which defendant did not appeal, largely disposed of those issues, which are now repackaged as a motion to dismiss.

### A. Elements of a Breach of Contract Claim

Under New Jersey law,[3] the elements of a breach of contract are that: (1) The parties entered into a valid contract; (2) the defendant failed to perform its contractual obligation; and as a result (3) the plaintiff sustained damages. *Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013) (citing *Coyle v. Englander's,* 199 N.J. Super. 212 (N.J. Super. Ct. App. Div. 1985)); *Peck v. Donovan,* 565 F. App'x 66, 69-70 (3d Cir. 2012) (citing *Murphy v. Implicito,* 392 N.J. Super. 245 (N.J. Super. Ct. App. Div. 2007)). Havas disputes only the second and third elements.[4]

#### 1. Element 2: Defendant's Failure to Perform

To adequately plead a breach of contract claim a "plaintiff must... specifically identify the portions of the contract that were allegedly breached."

---

[3] The SOW does not contain a choice-of-law provision. Both parties cite to New Jersey law, and I likewise will assume its applicability.

[4] Courts in this circuit sometimes cite as a fourth element that the plaintiff has performed its own obligations under the contract. *See Manley Toys, Ltd. v. Toys R Us, Inc.*, No. 12-cv-3072, 2013 WL 244737, at *2 (D.N.J. Jan. 22, 2013) (comparing *Frederico v. Home Depot,* 507 F.3d 188, 203 (3d Cir.2007), with *Peck,* 565 F. App'x at 69-70; *see also Robertshaw v. Pudles,* No. 11-cv-7353, 2013 WL 3976284, at *16 & n.40 (E.D. Pa. Aug. 5, 2013) (discussing the lack of conflict between the laws of Pennsylvania, Delaware and New Jersey regarding breach of contract claims despite courts' sometimes citing this as a fourth element). Whether this is an "element" of breach of contract is largely a semantic question; there is no doubt that, for an executory contract, each party's performance may be a condition precedent to the other's duty to perform. Who goes first may depend on the terms of the particular agreement, and particular contracts may require alternating performance.

In a footnote, Havas challenges Accurate's pleading of this fourth "performance" element as conclusory. (Mem. Mot. to Dismiss 14 n.7) The complaint does, however, allege relevant facts. For example, Accurate pleads the not-negligible fact that it has paid $590,765.00 under the contract. (*Id.* ¶114) Requiring *complete* performance before any party can sue would lead to absurd results under the circumstances. This contract, which requires periodic payments in return for partial performance, "give[s] rise to the reasonable inference that the plaintiff had been entitled to some performance from the defendant." *See Manley Toys* 2013 WL 244737, at *3 (discussing the origins of the plaintiff performance element).

*Faistl v. Energy Plus Holdings, LLC*, No. 12-cv-2879, 2012 WL 3835815, at *7 (D.N.J. Sept. 4, 2012); *accord Grande Vill. LLC v. CIBC Inc.*, No. 14-cv-3495, 2015 WL 1004236, at *5 (D.N.J. Mar. 6, 2015). Accurate alleges that Havas failed to perform its explicit SOW obligations in five ways:

- "Havas failed to use the Agile method...." (Am. Compl. ¶98; *see* SOW 1)
- "[T]he bi-weekly tracking of time and fees against project scope and review with client required by the contract never occurred." (Am. Compl. ¶53; *see* SOW 2)
- Havas never submitted a change order regarding increases in cost or duration. (Am. Compl. ¶54; *see* SOW 4)
- Havas did not submit timely invoices. (Am. Compl. ¶¶55, 57-58; *see* SOW 2, 3)
- Havas refused to release the code to Accurate. (Am. Compl. ¶¶111-12; *see* SOW 3)[5]

These allegations suffice to plead the second, failure-to-perform, element of a breach of contract claim. *See 5907 Blvd. L.L.C. v. West N.Y. Suites, L.L.C.*, No. A-3709-11T4, 2013 WL 3762695, at *6 (N.J. Super. Ct. App. Div. July 19, 2013) ("Every failure to perform as required by a contract, even a small failure, is a breach that gives rise to a claim for damages." (citing *Restatement (Second) of Contracts* § 236 comment a (1981))). Havas does not so much as attempt to establish that these are not valid allegations of breach. (*See* Reply Mem. Mot. To Dismiss 8, ECF No. 24 ("Havas does not dispute that plaintiff may have the right to assert breaches of provisions actually contained in the Agreement"))

---

[5] This list is limited to allegations regarding terms written in the SOW. This limitation is not meant to imply anything about the allegations of oral promises made before and after the SOW was signed, a major subject of debate in the parties' briefs. It is unnecessary to discuss those allegations at the motion to dismiss stage; I expect they will be developed in discovery.

The amended complaint, then, adequately pleads element 2 of a breach of contract claim. Whether other acts by Havas also constitute breaches of contract need not be settled now.[6]

### 2. Element 3: Damages

The amended complaint alleges that Accurate is entitled to monetary damages flowing from Havas's failure to perform its duties under the SOW. (Am. Compl. ¶¶135-36; see also e.g. id. at ¶¶66, 87, 98) The SOW, in setting a limit on damages, implies that monetary damages are available. (SOW 6 ("Under no circumstances shall Agency be liable under this SOW... for losses in an amount exceeding the total fees collected for this SOW."))

Havas argues that damages should be limited in certain respects, but does not dispute that damages are available for breach of contract or that the amended complaint asserts a claim for damages.[7] Element 3, then, is adequately alleged.

---

[6] The contract contains no explicit termination date. But it does not necessarily follow that implication of any reasonable deadline short of "forever" would constitute an impermissible "oral modification" of the contract. That issue, however, need not be settled now; the issue now before the Court is whether the amended complaint adequately alleges a breach of contract.

[7] It seeks specific performance as well. (Am. Compl. ¶141) The SOW grants Accurate ownership of the code developed by Havas as a work-for-hire. (SOW 3; see also Am. Compl. ¶39) The gist of the specific performance claim is that Havas should be compelled to turn over the code to Accurate.

9

## V. CONCLUSION

The amended complaint states a claim of breach of contract. For the reasons set forth above, Havas's motion to dismiss it is **DENIED.**

Dated: October 14, 2015

                                                  **Hon. Kevin McNulty**
                                                  **United States District Judge**